# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**WENDY A. ROLA,**

**Plaintiff,**

-vs-                                                  Case No.  **6:11-cv-468-Orl-28DAB**

**WAL-MART STORES, INC.,  d/b/a Wal-
Mart Super Store,**

**Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **SECOND MOTION TO REMAND (Doc. No. 12)** |
| **FILED:** | **April 22, 2011** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot. *See* Doc. No. 13. | |

| | |
|---|---|
| **MOTION:** | **CORRECTED SECOND MOTION TO REMAND (Doc. No. 13)** |
| **FILED:** | **April 22, 2011** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

## Procedural History

According to the docket in the related case of *Wendy A. Rola v. Wal-Mart Stores, Inc.*, Case

No. 6:10-cv-703-ORL18DAB ("*Rola I*"), on March 29, 2010, Plaintiff ("a natural person residing in

Orlando, Orange County, Florida") filed an action in state court against Defendant Wal-Mart Stores, Inc. ("a foreign corporation authorized to do business and doing business in Orange County, Florida") for damages "in excess of the sum of Fifteen Thousand Dollars ($15,000.00)," allegedly arising from a criminal assault (*Rola I*, Doc. No. 2).  On May 5, 2010, Defendant filed a Notice of Removal, asserting diversity jurisdiction (*Rola I,* Doc. No. 1).  Plaintiff filed a Motion to Remand to State Court (*Rola I,* Doc. No. 3), and The Honorable G. Kendall Sharp granted the motion on July 16, 2010 (*Rola I,* Doc. No. 19), agreeing with Plaintiff that Defendant failed to establish the amount in controversy requirement.  The case was sent back to state court and *Rola I* was closed.

According to the docket in the instant case,[1] since remand, "Defendant has attempted to conduct discovery as to both liability and damages." (Doc. No. 1 at p.2).  On March 21, 2011, Plaintiff filed in state court verified responses to discovery which Defendant contends "provide support for federal jurisdiction." *Id.* at p. 3. Under the instant case number, on March 24, 2011, Defendant filed its Second Notice of Removal (Doc. No. 1), asserting that the amount in controversy requirement has now been met.  Plaintiff moves for remand and Defendant has filed a response brief (Doc. No. 14).  For the reasons set forth below, it is **respectfully recommended** that the motion to remand be **GRANTED.**

### Standard of Review on Removal

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division

---

[1]The instant case was originally assigned to Judge Scriven and, upon her recusal, reassigned to Judge Antoon. Pursuant to the local rule, the District Court may wish to consider transferring this matter to Judge Sharp. *See* Local Rule 1.04(a).

embracing the place where such action is pending." A defendant desiring to remove a civil action must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court. 28 U.S.C. § 1446(a).

The federal removal statute sets forth the proper procedure for removal of state actions to federal court and provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

The Eleventh Circuit has clarified the requirements of this statutory provision, explaining that "[u]nder the first paragraph of § 1446(b), a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n. 63 (11th Cir.2007). The court continued:

> Under the second paragraph, a case becomes removable when three conditions are present: there must be (1) an amended pleading, motion, order or other paper, which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can first ascertain that federal jurisdiction exists.

*Id.* (citations and quotation marks omitted). According to the *Lowery* court, "the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Id.* (citations omitted).

Removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir.1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). Furthermore, any doubt as to proper subject matter jurisdiction should be resolved against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir.2001). When the defendant fails to do so, the case must be remanded. *Williams,* 269 F.3d at 1321.

## Issues and Analysis

### *The Asserted Basis of Removal*

According to the Second Notice of Removal, diversity jurisdiction is now present because the parties are diverse,[2] and the amount in controversy is established by the following:

1) "Prior to filing Defendant's initial Notice of Removal, former defense counsel contacted counsel for Plaintiff regarding the amount in controversy. Defendant was told by Plaintiffs counsel that the demand is for "seven figures." Therefore, the amount in controversy would significantly exceed $75,000.00."

2) Plaintiff's discovery responses indicate that Plaintiff seeks recovery for past and future medical expenses, past lost wages and loss of future earning capacity, and past and future mental anguish and loss of the capacity for enjoyment of life. Defendant extrapolates from the responses that "Plaintiff's claimed economic damages appear to exceed $63,610.00," and Plaintiff "obviously" claims "significant non-economic damages as well" which will "clearly" exceed $75,000.00.

---

[2]Defendant states: "Wal-Mart Stores, Inc., is the only party in interest properly joined and served as a Defendant. Wal-Mart is a Delaware corporation. It is neither incorporated in nor does it have its principal place of business in the State of Florida." (Doc. No. 1 at p. 2).

3)  Defendant filed a Proposal to Settle the claim for $75,000 and Plaintiff "did not accept that Proposal."

(Doc. No. 1).

In her motion, Plaintiff contends that removal is improvident here because:  1) the removal is predicated on the same grounds already rejected by Judge Sharp; 2) Defendant has failed to establish the amount in controversy requirement for diversity jurisdiction;  3) Defendant has failed to establish diversity; and 4) Defendant has waived its right to seek removal by invoking the process of state court in serving a proposal for settlement and, removal was untimely in that it was not sought within 30 days of the lapse of the settlement offer.  The Court treats each, in turn.

*Removal on the "same" grounds*

Plaintiff contends that Defendant cannot meet its burden of proving federal jurisdiction by raising the same grounds previously raised by Defendant and subsequently rejected by Judge Sharp in *Rola I*.  Defendant concedes that once a case is remanded, a second removal is precluded when it is based solely on the same grounds, but contends that the discovery evidence and Plaintiff's failure to accept the settlement proposal are new grounds which allow for consideration of the second Notice of Removal.  Although Defendant cites no case authority for its position, it is nonetheless correct.

Citing *S.W.S. Erectors, Inc. v. Infax, Inc.,*72 F. 3d 489 (5th Cir. 1996), Plaintiff asserts that "any attempt by Defendant to raise any grounds related to the nature of the action, the nature of Plaintiff's damage allegations or any pre-suit settlement negotiations cannot serve to support Defendant's burden of proof in its Second Notice of Removal, as all of these grounds were present and raised in Defendant's initial Notice of Removal."  Plaintiff's reliance, however, is misplaced.  In *S.W.S.*, the Fifth Circuit Court held that:

> a remand order that expressly addresses the theory of federal jurisdiction does not have res judicata effect on subsequent removals based on the same theory, provided that the subsequent removal petitions allege a different factual basis for seeking removal. If

the defendant raises a new factual basis, the new factual basis is not deemed adjudicated with the remand order and, therefore, is not barred by res judicata.

*S.W.S. Erectors, Inc.*, 72 F.3d at 493.  Indeed, the court found the defendant's second removal notice to be appropriate in that case, and affirmed the denial of the motion to remand, reasoning:

> Infax's second removal petition sought removal under diversity jurisdiction using newly acquired facts from Wilson's deposition transcript. The deposition constitutes a new paper or event that changed the facts regarding the removableness of the case. Therefore, we hold that Infax's second petition for removal alleged a different factual ground for removal and was proper under section 1446(b).

*Id.* at 494.  This district is in accord.  *See Sibilia v. Makita Corp.*, –F.Supp.2d –, 2010 WL 4323409, 2 (M.D. Fla. October 28, 2010), holding, on similar facts:

> Thus, 'section 1446(b) allows [a defendant] to file successive removals based on [a] different factual basis.' [citation omitted].  And this is precisely the situation here; Defendant's second removal is based on Plaintiff's amended response to the requests for admissions admitting the amount in controversy to establish federal court jurisdiction.  This "other paper" was not available at the time of the first removal. Plaintiff's argument that Defendant's second removal is an inappropriate attempt to circumvent the Court's previous remand Order lacks merit.

*Id.*

Applied here, Plaintiff's discovery responses are "other papers" that were not available at the time of the first removal.  Although the substance of those papers will be addressed below, the Court finds that Defendant has asserted a new factual basis for review.[3]  Plaintiff's first argument fails to persuade.

*Diversity Jurisdiction*

In order to establish federal diversity jurisdiction, the amount in controversy must exceed "the sum or value of $ 75,000, exclusive of interests and costs," 28 U.S.C. § 1332(a), and all parties to the action must be completely diverse. *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1564 (11th Cir.1994).  Plaintiff contends that Defendant has failed to establish either requirement.

---

[3]In finding that the first ruling is not res judicata to the instant Notice to the extent it relies upon "new" evidence obtained upon remand, the Court nevertheless finds no basis to revisit or disturb Judge Sharp's conclusion that the alleged "seven figure" settlement conversation is not entitled to any evidentiary weight.

With respect to diverse citizenship, as noted, federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met.  *See Owen Equip. and Recreation Co. v. Kroger*, 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).  In order to achieve complete diversity no party plaintiff may be a citizen of the same state as any of the defendants. *Owen Equipment*, 437 U.S. at 373.  For diversity purposes, a corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).   Although a company may conduct business in multiple places, the Supreme Court has  determined that "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities ."  *Hertz Corp. v. Friend*, --- U.S. ----, 130 S.Ct. 1181, 1192-93, 175 L.Ed.2d 1029 (2010 ) (establishing "nerve center" test as uniform approach for determining corporate citizenship).  Here, the Complaint alleges that Plaintiff is a "natural person residing" in Florida and Defendant is a "foreign corporation."  Plaintiff correctly contends that this showing, absent more, is insufficient. The record before the Court, however, provides additional information.

There is no specific showing that Plaintiff's residence equals citizenship, but the papers of record do show that she lives and works in the state, and there is no allegation or suggestion that she is, in fact, not a Florida citizen.  Moreover, in the Notice of Removal, Defendant contends that it is a Delaware corporation, with a principal place of business outside of Florida.  Although Plaintiff argues that Defendant has not *shown* this in that it does not *specifically* identify the principal place of business, she does not set forth any basis to dispute it, and has herself identified Defendant in her Complaint as a "foreign" corporation.  Moreover, Plaintiff appears to have implicitly acknowledged diversity.  *See* Judge Sharp's Order of Remand in *Roca I,* finding: "Neither party disputes that they are of diverse citizenship." (*Roca I,* Doc. No. 19).  The Court finds the showing here to be sufficient for present purposes.

As for the amount in controversy, if a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000).  As noted recently by the Eleventh Circuit Court:

> In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper.[footnote omitted] *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir.2010). In other cases, however, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages." *See id. at 754 (quoting Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).

*Roe v. Michelin North America, Inc*., 613 F.3d 1058, 1061 (11th Cir. 2010).  The showing required turns on the particular provision relied upon as the basis for the removal:

> In § 1446(b) first-paragraph cases, the removing defendant may present additional evidence-business records and affidavits, for instance-to satisfy its jurisdictional burden. *See Pretka*, 608 F.3d at 753-54. In addition to first-paragraph cases like *Pretka*, § 1446(b) permits the removal of two other types of cases, both of which are governed by the statute's second paragraph. The first type of second-paragraph case (Type 1) is one that initially could have been removed had the parties possessed the relevant jurisdictional information, but, because the removability was not initially ascertainable, the defendant could not carry its jurisdictional burden until a later time. The second type of second-paragraph case (Type 2) is one that originally could not have been removed because it initially did not satisfy federal jurisdictional requirements, but that later becomes removable because the nature of the dispute changes. Thus, whereas Type 1 cases have always been removable but the removability was not initially ascertainable, Type 2 cases shift from nonremovable to removable in nature.

*Roe, supra,* at 1061 n.4.  The first paragraph of § 1446(b) provides "a much wider entry into federal court than does the second paragraph of that section." *Wilson v. Chester Bross Construction Co.,* 2011 WL 1380052 (S.D. Ala. April 12, 2011).

As is clear, the instant case is a second paragraph Type 1 case, removed well after thirty days from receipt of the Complaint because removability was not initially ascertainable.  As such, the

broader entry applied in *Roe* and *Pretka*, both first paragraph cases, does not control here. Rather, this Court agrees with the weight of authority in this circuit following *Roe* and *Pretka*, that the analysis set forth in *Lowery, supra,* still applies to second paragraph Type 1 removal cases.[4]  As explained in a recent decision:

> *Lowery* requires courts to "review the propriety of removal on the basis of the removing documents[ ]" and retain jurisdiction "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them," or remand if the opposite is true. 483 F.3d at 1211. In other words, the documents received from the plaintiff by the defendant must "contain an **unambiguous** [footnote omitted] statement that clearly establishes federal jurisdiction." *Id.* at 1213 n. 63 (emphasis supplied; footnote added); *see also id.* at 1213–1214 ("[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff-be it the initial complaint or a later received paper-and determines whether that document and the notice of removal unambiguously establish federal jurisdiction. This inquiry is at the heart of a case, such as the one before us, in which the plaintiffs challenge removal by filing a timely motion to remand under § 1447(c). In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion is filed-i.e., the notice of removal and accompanying documents."). This Court may not "speculate in an attempt to make up for the notice's failings." *Id.* at 1215.

*Wilson*, supra 2011 WL 1380052, *14.

Having established the appropriate standard, the Court turns to the showing at hand. Defendant contends that removal is proper based on 1) discovery responses which indicate a "probable" claim of over $60,000 in economic damages alone, 2) the failure to accept a settlement

---

[4]    *See Wilson v. Chester Bross Const. Co.,* 2011 WL 1380052, *14 (S.D. Ala., April 12, 2011), comparing *Roe, supra,* 613 F.3d at 1061 n. 4 ("This opinion considers removal only under the first paragraph of § 1446(b); it does not address the effect of *Lowery* ... on second-paragraph cases.") and *Pretka, supra,* 608 F.3d at 747 (" *Lowery* was a case that involved the removal procedures in the second paragraph of 28 U.S.C. § 1446(b), and the decision must be read in that context. While some of the language of the opinion sweeps more broadly, it is dicta insofar as a § 1446(b) first paragraph case, like this one, is concerned. While we may consider dicta for its persuasive value, we are not persuaded to follow *Lowery's* dicta about the type of evidence a defendant that removes a case under the first paragraph of § 1446(b) may use in establishing the requisite amount in controversy.") *with Brown v. Tanner Medical Center,* 2010 WL 3328500, *3 (M.D. Ala. Aug. 23, 2010) ("As this is a second-paragraph Type 1 case, the case is still governed by the analysis outlined in *Lowery* [.]") and *Jackson v. Litton Loan Servicing, L.P.,* 2010 WL 3168117, *4 (M.D. Ala. Aug. 10, 2010) ("Until the Eleventh Circuit changes the rule set forth in *Lowery,* this Court will continue to apply it when considering a notice of removal under the second paragraph of § 1446(b).").

proposal of $75,000, and 3) a likely significant claim for non-economic damages, considering the nature of the claim and injuries. The Court finds this showing does not meet the *Lowery* standard.

With respect to the economic claim, Defendant notes that Plaintiff provided the following response to an Interrogatory regarding wage claims:

> 17. Plaintiff and counsel amend this response in compliance with the Court's Order at hearing held on March 11, 2011. At the time of the incident, I worked two jobs. As a result of the assault, I have lost approximately ten (10) weeks of employment, from April, 2008, through June, 2008, from Freedom High School. I never returned to my second job at Tutor Time. At the time of the incident, my rate of pay with Tutor Time was $7.50/hr. Based on an estimated forty-hour work week, and my rate of pay of $15.90 an hour, I estimate my loss of income from Freedom High School to be approximately $6,360.00. I am unable to calculate any lost income from Tutor Time based on the time I missed and my rate of pay as I have not returned to that job and do not know at this time if and when I can or will return. Plaintiff reserves the right to amend this list as discovery and investigation are continuing.

(Doc. No. 14 at p.11).  From this answer, Defendant notes the loss of income from the Freedom High job to be, as stated, $6,360.00.  Defendant then purports to use "guesswork" (Doc. No. 14 at p. 13) to calculate the lost earnings for the Tutor Time job, extrapolating that "even working just 5 hours per week" at $7.50 per hour, this would total approximately $50,625 over Plaintiff's remaining work life expectancy (Doc. No. 14 at p. 11).  This, however, is precisely the kind of speculation that is prohibited by *Lowery.*  Plaintiff did not say that she would never return to work, just that she did not know if or when she would.

Moreover, even if the Court were inclined to credit the "guesswork," Defendant adds total counseling expenses of $3,280.00 to the total wage claim for the two jobs and concludes that the economic damages are approximately $60,265.00.  This is, of course, still less than the required $75,000 showing.  Although Defendant alludes to a likely "increase" in the claim for non-economic damages as this is a case involving a violent physical assault, it presents no showing quantifying this claim, but appears to simply assume that the Court will agree that the injuries alleged warrant significant damages.

While the Court *does* agree that the kind of injuries alleged here may well warrant a significant award (should liability be established) such is of no moment, as the Court is specifically prohibited from engaging in the speculation Defendant invites.   Under *Lowery,* "the absence of factual allegations pertinent to the existence of jurisdiction is dispositive, and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Lowery,*  483 F.3d at 1214; *see also Brown v. Tanner Medical Center, supra* (where medical bills were currently low, court could not speculate that brain injury case damages exceeded jurisdictional amount); *Wilson v. Chester Bross Construction Co.,supra,* 2011 WL 1380052 *15 ("Under current precedent, plaintiffs are allowed to play a game of hide the amount of damages claimed in order to avoid federal jurisdiction over their claims.  In other words, unless plaintiffs unambiguously  disclose the amount of damages they are seeking, removal under the second paragraph of section 1446(b) is not possible.") The Court finds that the discovery responses do not meet the standard for removal.

Perhaps anticipating the above conclusion, Defendant urges the Court to consider the refusal of Plaintiff to accept the settlement proposal filed by Defendant in state court as additional evidence of the amount in controversy.

The parties agree that Defendant filed in state court a Proposal to Settle this claim for $75,000, on November 4, 2010.  Although Defendant contends that the offer was "refused," Plaintiff contends that she did not refuse the settlement; rather, the settlement was tendered pursuant to Florida Statute § 768.79 and Florida Rule of Civil Procedure 1.442, which requires an affirmative act of acceptance within thirty days of service of the settlement proposal, and, as Plaintiff did not "act," the proposal merely lapsed.  The Court finds the failure to accept the settlement proposal does not create jurisdiction here.

Defendant contends that Florida courts have held that a plaintiff's rejection of a settlement proposal constitutes some evidence that the amount in controversy exceeds $75,000, citing *Jackson*

*v. Metropolitan Property and Casualty Insurance Co.*,  2009 WL 1456439 (M.D. Fla. 2009).  In

*Jackson,* however, Judge Presnell *granted* the motion for remand, noting:

> Metropolitan contends that the original complaint in this case was not removable. (Doc. 20 at 9). However, on February 6, 2009, Metropolitan made a $75,000 proposal for settlement to Jackson pursuant to Florida Statute § 768.79. Jackson did not respond to the proposal within 30 days. By operation of law, Jackson is deemed to have rejected the proposal as of March 9, 2009. Fla.R.Civ.P. 1.442(f)(1). Metropolitan argues that this rejection demonstrates that the amount in controversy exceeds $75,000, thereby satisfying the requirements for diversity jurisdiction and making the case removable under the second paragraph of 28 U.S.C. 1446(b).
>
> *2 Metropolitan is incorrect. Generally speaking, under Section 1446, only a voluntary act on the part of a plaintiff can render an initially unremovable case removable. *See Insigna v. LaBella*, 845 F.2d 249, 252 (11th Cir.1988). The filing of an amended complaint that adds a federal claim or the voluntary dismissal of non-diverse defendants may constitute such a voluntary act.[footnote omitted] No such act has taken place here. Even if the plaintiff had affirmatively rejected the settlement proposal (rather than simply ignoring it), that rejection would not have altered this case in any way relevant to the issue of federal jurisdiction. Specifically, the "rejection" did not alter the amount in controversy. If, as Metropolitan contends, this case was unremoveable when it was filed, it remains so now.
>
> At most, Jackson's rejection of the settlement proposal constitutes some evidence that the amount in controversy exceeds $75,000 here. This is not enough to permit removal. Under the second paragraph of Section 1446(b), a case becomes removeable when three conditions are met. There must be "(1) 'an amended pleading, motion, order or other paper' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 n. 63 (11th Cir.2007) (quoting 28 U.S.C. § 1446(b)). Even if Jackson's failure to respond is the practical equivalent of "an amended pleading, motion, order or other paper"-a debatable proposition-Metropolitan has not shown that the rejection provided it with the first opportunity to ascertain that diversity jurisdiction existed ...

*Jackson v. Metropolitan Property and Cas. Ins. Co.*, 2009 WL 1456439, *1 -2 (M.D. Fla. 2009).  As

is clear, *Jackson*  was a second paragraph Type 2 case, while this is a second paragraph Type 1 case.

Moreover, even if the holding controlled, it would not aid Defendant.

Our precedent holds that a settlement offer may "count for something" but is not

determinative of the amount in controversy.  *See Burns v. Windsor Ins. Co.,* 31 F. 3d 1092, 1097

(11th Cir. 1995). The Court is not persuaded that a failure to accept an offer conclusively establishes that the offer was too low.  *See Harmon v. Wal-Mart Stores, Inc.,*  2009 WL 707403 (M.D. Ala. 2009) (in holding that a refusal to stipulate to an amount in controversy in response to an interrogatory does not result in an admission regarding the amount in controversy: "Defendant cannot create an end-run around the jurisdictional requirements by forcing a denial of a negative and then claim the positive is admitted and conclusively determined.").  Indeed, for some litigants, having their day in court is an important intangible interest that is consistent with denying an offer of settlement, regardless of the amount.

Applying the above standard, this Court finds that the jurisdictional amount is neither stated clearly on the face of the documents before the court, nor readily deducible from them. *Lowery,* 483 F.3d at 1211. As the documents do not contain an unambiguous statement that clearly establishes federal jurisdiction, the action must be remanded.

*Waiver*

Although the above finding is dispositive, the Court completes the analysis of the motion by addressing the remaining issues of waiver and untimeliness.  Plaintiff contends that Defendant has waived its right to seek removal by invoking the process of state court in serving a proposal for settlement, and removal was untimely in that it was not sought within 30 days of the lapse of the settlement offer.  The Court agrees with Defendant that it did not waive its right to remove and the Notice of Removal was timely filed.

Defendant correctly contends that the rejection of the settlement offer, standing alone, was not an "other paper" that triggers the right to remove pursuant to 28 U.S.C. § 1446(b).[5]    Indeed, Plaintiff concedes as much in her motion, noting:

> 28. By simply allowing Defendant's Proposal for Settlement to lapse, Plaintiff has not performed any requisite "voluntary act" making this matter now removable. Moreover, Defendant's Second Notice of Removal has not been filed within thirty days after the Proposal for Settlement lapsed.

(Doc. No. 13 at p. 6).

It appears, then, that Plaintiff is contending that *serving* the settlement proposal is an affirmative act of active participation while *Plaintiff's response* to the proposal is not.  While the Court agrees that Plaintiff's response (or lack of response) did not create a right to seek removal, it also finds service of the proposal did not waive it.  *See Cruz v. Lowe's Home Centers, Inc*., 2009 WL 2180489, *3 (M.D. Fla. July 21, 2009) ("Defendant did not waive its right to remove the State Court Action when it participated in discovery and the case management conference, because the right to remove was not yet available to Defendant. "); *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP,* 365 F.3d 1244, 1246 (11th Cir. 2004) (holding the filing of a motion to dismiss not a waiver: "A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court ... [w]aiver will not occur, however, when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court...." [internal citation omitted]); *Bechtelheimer v. Continental Airlines, Inc*.,  755 F.Supp.2d 1211, 1214 (M.D. Fla.2010) ("Upon due consideration, the Court

---

[5]As set forth above, this provision provides, in relevant part: If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

rejects the Bechtelheimers' argument that Continental Airlines waived its right to remove this case by conducting discovery and filing an answer in state court" -- noting that a party can not waive a right by defending in state court before the basis for removal existed). Here, too, at the time the settlement proposal was filed in state court, there is no showing that a basis for removal was present.

As for timeliness, the record shows that Defendant removed this case on March 24, 2011, within three days of receipt of the discovery responses it claims as the "other paper from which it may first be ascertained that the case is one which is or has become removable." While the Court finds the discovery responses to be insufficient to support removal for the reasons set forth above, the Second Notice was not untimely. *See Bechtelheimer, supra* (filing Notice within thirty days of receiving discovery responses which indicated amount in controversy exceeded $75,000 was timely).

### Conclusion

The Court finds that the case in controversy requirement has not been met and therefore **respectfully recommends** that the motion for remand be **granted** and the action be **remanded** to the Circuit Court of the Ninth Judicial Circuit in Orange County, Florida.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 29, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy